UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| AARON FELLOWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:23-cv-00432-JMS-MKK |
| ) | |
| FRANK VANIHEL Warden, ) | |
| KEVIN GILMORE Deputy Warden, ) | |
| CHRISTOPHER HOLCOMB Lt., ) | |
| RUSSELL Major, ) | |
| ) | |
| Defendants. ) | |

**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE**

Plaintiff Aaron Fellows, who is incarcerated by the Indiana Department of Correction, alleges in this lawsuit a myriad of constitutional violations against four defendants, Frank Vanihel, Kevin Gilmore, Christopher Holcomb, and Major Russel. Dkt. 1.

The defendants have since filed a motion for summary judgment in support of the affirmative defense that Mr. Fellows failed to exhaust his available administrative remedies before filing this lawsuit, dkt. 36, and a motion for sanctions based on their contention that Mr. Fellows has submitted falsified documents in support of his complaint, dkt. 53. Mr. Fellows has also filed a motion for leave to amend. Dkt. 30. In this Order, Mr. Fellows is **DIRECTED TO SHOW CAUSE** why he should not be sanctioned for submitting forged documents to the Court. Further, because the sanction issue must be resolved before the Court can reach the motion for summary judgment and motion to amend, those motions are **DENIED without prejudice**. Dkt. 30, 36.

**I. Background**

Mr. Fellows filed his complaint alleging constitutional violations on August 28, 2023. Dkt 1. In the complaint, Mr. Fellows asserted conditions of confinement claims for damages based on

his lack of working overhead lighting within his cell, consistent flooding, and odors from plumbing issues spanning from September of 2021 to May of 2022 when he was housed at Wabash Valley Correctional Facility ("WVCF"). *Id.* The allegations of the complaint and the identities of the defendants made it clear that he was referring to events that allegedly happened at WVCF. However, Mr. Fellows was not incarcerated at WVCF from September 2021 to May 2022—instead, he was housed at Plainfield Correctional Facility ("Plainfield"). He did not arrive at WVCF until October 12, 2022. Dkt. 53 at 2.

It does not appear that Mr. Fellows merely misstated the year when he wrote the narrative portion of his complaint. To the contrary, in his complaint, he stated that he submitted a total of eight grievances about the allegations of his complaint. Dkt. 1 at 2. And, indeed, there are eight grievances attached to the complaint. Dkt. 1-1 at 1–8. All are grievance forms dated from October 18, 2021, to April 21, 2022—which corresponds to the timeframe addressed in the narrative portion of the complaint. *Id.* However, all of the grievance forms attached to the original complaint were executed on WVCF forms, as indicated by the "facility" field at the top of the forms. For example, the top of the form dated January 16, 2022, reads as follows:



Dkt. 1-1 at 1. But, as discussed above, Mr. Fellows was not incarcerated at WVCF on the dates that appear on the forms. None of the forms bear any indicia—such as a "received" stamp or a signature from a WVCF staff member—indicating that they were received by prison staff.

2

On April 19, 2024, the Court screened Mr. Fellow's complaint and allowed Eighth Amendment conditions of confinement claims to proceed against the four above named defendants. Dkt. 25.

Shortly thereafter on May 10, 2024, Mr. Fellows submitted a Motion to Amend his Complaint. Dkt. 30. In the motion, he states that he was not trying to be misleading with his original complaint, but the dates in his original complaint were wrong and that he also wants to add more claims and defendants that he sees as being related to the claims in the original complaint. *Id.*

Mr. Fellows' proposed amended complaint consists of 240 pages. Dkt. 30-1. Pages 3 through 23 appear to be Mr. Fellows' proposed amended complaint; and the additional 217 pages are various exhibits and affidavits drafted by Mr. Fellows. *Id*. Mr. Fellows' amended complaint now brings allegations against the original four defendants plus seven others for various claims related to mold at WVCF, lack of recreation time, understaffing, inhumane living conditions, issues regarding lack of light within his cell, exposure to human waste and broken pipes, and freezing temperatures in the WVCF Housing Units. *Id*. All the dates of constitutional violations in his amended complaint occur after October of 2022.  That is, in addition, to trying to add claims and defendants, Mr. Fellows is trying to change the timeframe covered by his complaint to correspond to the time he has been housed at WVCF and not to cover any time he spent at Plainfield. In particular, as to the claims about the lighting, he has "scratched out" some dates that correspond to his time at Plainfield and overwritten them to dates that correspond to his time at WVCF:

> 28. On 05-28-23 I again attempted to contact defendants Russell & Holcomb via the intra-facility mail detailing everything in full detail again, though no response or affirmative action was taken.
> 29. On 05-25-23 my Fiance attempted to contact both Russell and Holcomb via the phone. Several messages were left with call back information and her concerns and details on the events above. Yet again no action or return call was tendered.
> 30. On 05-25-23 My Fiance again tried to call the Facility approximately 5+ Seven times each defendant Russell and Holcomb, totaling 10 to 14 call leaving messages each time to please return her call while offering the specifics of the situation herein. However, no action was taken, nor was any call returned.
> 31. On 05-25-23 I attempted to contact defendants Frank Vanihel and Kevin Gilmore. Within the Plaintiff's correspondence Slips that I Sent though the intra-facility Mail, I explained in length and full detail for all above and how the lengths both I and my loved ones went to have the situation addressed & how I felt it was unfair that everyone had adequate lighting except for me & how the situation was weighing on my emotional State of mind. Again no response or affirmative action was taken.

*See* dkt. 30-1 at 12 ¶¶ 28–31.

Mr. Fellows' proposed amended complaint states that "Plaintiff has properly exhausted his administrative remedies before filing this complaint. Each defendant above were [sic] notified of those above and below matters and have failed to properly address these claims via grievances ect." *Id*. at 5. In the narrative portion of the proposed amended complaint, he specifically mentions exhausting administrative remedies with respect to recreation time on December 6, 2022, and in March of 2023. Dkt. 30-1 at 9, ¶¶ 11, 16. The amended complaint includes multiple references to grievances he filed, some of which he asserts amounted to an exhaustion of administrative remedies. *See, e.g., id.* at 19–21. The exhibits to the proposed amended complaint include numerous grievance forms, some signed and stamped by prison staff and some unsigned, and all from after the time period alleged in his original complaint. *Id.* at 32, 39, 40, 44, 47, 51, 53, 56, 57, 58, 63, 67, 92. Mr. Fellows has also submitted documents showing that he pursued the

administrative appeal process as to some of these grievances. *See, e.g.*, *id.* at 42–43. None of the grievance forms attached to the original complaint are attached to the proposed amended complaint. In fact, the grievances attached to the amended complaint contain little of the substantive content related to lack of lighting alleged in the original complaint grievances. It appears Mr. Fellows attempts to "erase" the previous grievance submissions in his original complaint with these new attachments, which do little to clarify his claims.

On June 18, 2024, the defendants filed an answer raising an exhaustion defense. Dkt. 33. Shortly thereafter, they filed their Motion for Summary Judgment on the topic of exhaustion, arguing that Mr. Fellows could not have exhausted his administrative remedies as to the allegations of the original complaint because he was not even incarcerated at WVCF at the time—he was actually incarcerated at Plainfield during the time at issue in the original complaint. Dkts. 36, 38. They contended that the grievances attached to the original complaint were falsified because they were all allegedly submitted during Mr. Fellows' time at WVCF, but the dates correspond to times when he was incarcerated at Plainfield. *Id*. In response, Mr. Fellows stated simply that the dates within his original complaint were not correct, that his proposed amended complaint contained the correct dates, and that he had exhausted his administrative remedies as to the allegations in the proposed amended complaint. Dkt. 49.

The defendants then filed a Motion for Sanctions filed on October 14, 2024. Dkt. 53. Mr. Fellows has not responded to the motion, and the deadline has passed.

## II. Legal Standard

A District Court has "inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it, and pursuant to that authority may impose appropriate sanctions to penalize and discourage misconduct." *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772,

776 (7th Cir. 2016) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46–50 (1991)). The Court may properly exercise that authority to dismiss an action "'when the plaintiff has abused the judicial process by seeking relief based on information that the plaintiff knows is false.'" *Id.* (quoting *Secrease v. Western & Southern Life Ins.*, 800 F.3d 397, 401 (7th Cir. 2015)). A "'dismissal with prejudice is an appropriate sanction for lying to the court in order to receive a benefit from it, because no one needs to be warned not to lie to the judiciary.'" *Sanders v. Melvin*, 25 F.4th 475, 481 (7th Cir. 2022) (quoting *Ayoubi v. Dart*, 640 F. App'x 524, 528–29 (7th Cir. 2016)). "Any sanctions imposed pursuant to the court's inherent authority must be premised on a finding that the culpable party willfully abused the judicial process or otherwise conducted the litigation in bad faith." *Ramirez*, 845 F.3d at 776. This finding must be based on a preponderance of the evidence. *Id.* at 777.

The "requirements of due process of law are applicable to a proceeding to impose sanctions, entitling a party or attorney to notice and opportunity to respond." *Kapco Mfg. Co. v. C & O Enterprises*, 886 F.2d 1485, 1494 (7th Cir. 1989). The right to a hearing, however, "is obviously limited to cases where a hearing could assist the court in its decision." *Id.*

### III. Discussion and Order to Show Cause

As the defendants argue in their motion for sanctions, this is not a simple matter of Mr. Fellows writing the wrong dates in the narrative portion of his original complaint. And the question the Court faces now is not whether Mr. Fellows actually exhausted his administrative remedies as to the allegations in the proposed amended complaint. Regardless of whether he did, the fact remains that Mr. Fellows told the Court in his original complaint that he exhausted administrative remedies before filing suit, relying on grievance forms that appear to be falsified because the dates on them correspond to a time when he was not even housed at WVCF. He has not explained why

6

the grievance forms themselves have the wrong dates on them, nor has he explained why the forms bear no indication that WVCF staff ever received or responded to them.[1] Indeed, he has not even denied the defendants' allegation that the grievance forms attached to the original complaint were falsified.

The Court concludes that Mr. Fellows knowingly presented forged documents to the Court in his original complaint and has attempted to remedy this falsehood by simply submitting newer grievances and an amended buckshot complaint with a laundry list of different constitutional violations. This is egregious misconduct. Thus, pursuant to its inherent authority, the Court believes that dismissal of this action with prejudice is an appropriate sanction.

The Seventh Circuit recently upheld a dismissal as a sanction in a factually similar case. In *Martin v. Redden*, 34 F.4th 564 (7th Cir. 2022), a judge in the Northern District of Indiana dismissed prisoner Anthony Martin's case and imposed a filing bar as a sanction for submitting a falsified document in opposition to the defendants' motion for summary judgment for failure to exhaust administrative remedies. In upholding the dismissal, the Seventh Circuit reasoned, "No one needs to be warned not to lie to the court." *Id.* at 568. Further, presenting falsified evidence "waste[s] judicial resources and the time and money of honest parties." *Id.* That is particularly true here.

Unlike Mr. Martin, Mr. Fellows does not have a history of litigation misconduct that would warrant imposing a filing ban. But given the seriousness of the misconduct here, the Court finds

---

[1] The Court recognizes that it is possible for an inmate to submit a grievance that is lost or otherwise not logged by prison staff, in which case the inmate would not have a copy showing that it was received. There may also be other innocent reasons why an inmate would not have a copy of grievance form showing that it was received by staff. But here, the defendants accused Mr. Fellows of forging the forms attached to the original complaint and presented evidence that he never filed a grievance covering the dates in the original complaint. *See* dkts. 37-1, 37-3. Against that backdrop, the lack of indicia that the grievances attached to the original complaint were ever received by prison staff is concerning absent some explanation from Mr. Fellows.

dismissal of this action is an appropriate sanction. *See Sanders*, 25 F. 4th at 481 ("Dismissal may . . . be appropriate when the plaintiff has abused the judicial process by seeking relief based on information that the plaintiff knows is false.") (cleaned up).

### IV. Conclusion

For the reasons explained above, it appears that the grievance documents attached to Mr. Fellows' original complaint were falsified. Mr. Fellows has **through January 28, 2025**, to show cause why this action should not be dismissed as a sanction for this misconduct. The defendants have **through February 4, 2025**, to file a reply in support of their motions for sanctions.

In light of the motion for sanctions, the motion for summary judgment, dkt. [36], and motion to amend, dkt. [30], are **denied without prejudice**. The Court will issue what further orders are appropriate after determining whether and what sanctions are proper here.

**IT IS SO ORDERED.**

Date: 1/7/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

AARON FELLOWS
212848
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Eric Ryan Shouse
Lewis And Wilkins LLP
shouse@lewisandwilkins.com